```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
P.O. NATALIE WORTHINGTON,                               :
                                                        :
                    Plaintiff,                          :           MEMORANDUM AND ORDER
                                                        :           02-CV-723 (DLI)(ARL)
             -against-                                  :
                                                        :
COUNTY OF SUFFOLK et al.,                               :
                                                        :
                    Defendants.                         :
--------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

In February 2002, Plaintiff Natalie Worthington ("Worthington" or "Plaintiff") filed a complaint against numerous defendants alleging violations of Title VII of the Civil Rights Act, 18 U.S.C. §§ 1981, 1983, 1985, and 1986, the Fourteenth and Fifth Amendments, and the New York State Human Rights Law ("NYSHRL") as well as state law tort and contract claims. Over the ensuing five years, both of Worthington's claims and the number of defendants have been whittled down. In January 2003, U. S. District Judge Joanna Seybert dismissed Worthington's §§ 1981, 1985 and 1986 claims, Title VII claims against individuals defendants and the state law claims. In August 2004, Judge Seybert dismissed all of Worthington's claims, except for the Title VII retaliation claims and NYSHRL claims. *Worthington v. County of Suffolk, et al.,* 02 CV 0723 (E.D.N.Y. Aug. 4, 2004). After this motion practice and several voluntary dismissals, the remaining defendants are the County of Suffolk, John Gallagher, Peter Quinn, Philip Robilotto, the Suffolk County Police Department, and Armondo Valencia (collectively referred to as "Defendants").

Presently before the court is Defendants' motion *in limine* to preclude Worthington from introducing the testimony of Felicia Collins, Jackie Fioribello, Donald Longo, George Smith, and

1

John Weeks. Defendants argue that the testimony is (1) not relevant to Plaintiff's § 1983 claims, since those claims have been dismissed; (2) is not relevant to Plaintiff's Title VII and NYS Human Rights Law retaliation claims; (3) inadmissible under Fed. R. Evid. 404(b) as evidence of prior bad acts; and (4) inadmissible under Fed. R. Evid. 403 as unduly prejudicial. Worthington opposes Defendants' motion contending that the testimony is relevant to her retaliation claims. For the following reasons, Defendants' motion is denied in part and granted in part. The testimony is admissible as to Plaintiff's Title VII retaliation claim but not as to her § 1983 claim.

*§ 1983 Claims*

In order to demonstrate liability under 18 U.S.C. § 1983, the alleged constitutional violation must result from a government custom, policy, pattern or practice. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Plaintiff asserts that she has stated a § 1983 claim for retaliation in violation of the Fourteenth and First Amendment that permits her to introduce the testimony of Collins, Fioribello, Longo, Smith, and Weeks for purposes of showing Suffolk County's policy and practice of retaliating against employees who make complaints of discrimination. Worthington is incorrect because her Fourteenth and First Amendment claims are no longer viable.

Worthington's original complaint contained a § 1983 claim alleging that Suffolk County and the individual Defendants violated her Equal Protection rights under the Fourteenth Amendment to be free from gender discrimination. A copy of the complaint is annexed to the Colleen Meenan's June 6, 2006, Letter Opposition to Defendants' Motion In Limine ("Worthington Opp.") as Exhibit E. However, in August 2004, Judge Seybert dismissed Worthington's § 1983 discrimination claim because Worthington had failed to proffer evidence of a hostile work environment to support her Title VII and Fourteenth Amendment discrimination claims. *See Worthington v. County of Suffolk,*

2

*et al., supra*. The parties appear to agree that Worthington's § 1983 discrimination claim has been dismissed.

The question remains, however, whether Worthington has a viable § 1983 claim for retaliation (as opposed to discrimination) in violation of her Fourteenth and her First Amendment rights. Section 1983 itself creates no substantive rights; it is rather "a method for vindicating federal rights elsewhere conferred." *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). Moreover, "a § 1983 action may not . . . be brought to vindicate rights conferred only by a statute that contains its own structure for private enforcement, such as Title VII." *Id.*

A Title VII Plaintiff can state a cause of action under § 1983 for a separate constitutional violation – the most common example is a Title VII hostile work environment claim that shadows a Fourteenth Amendment Equal Protection claim brought via § 1983 – but a Plaintiff may not use § 1983 simply to reassert a Title VII claim. *See Id; Dawson v. County of Westchester*, 351 F. Supp. 2d 176, 193 (S.D.N.Y. 2004) (finding that because Equal Protection, not Title VII, was the distinct right alleged to have been denied, Plaintiffs may assert their claims under § 1983). Here, Worthington's retaliation claim is brought under Title VII and therefore is not cognizable as a § 1983 claim. *See Saulpaugh v. Monroe Community Hosp.*, 4 F.3d 134, 143 (2d Cir. 1993) (holding that a Title VII claim precludes a § 1983 claim, unless the § 1983 claim is based on an alleged violation of some law other than Title VII); *Igielnik v. NYC Human Resources Admin.*, 94 CV 0810, 1996 WL 137303, *3 (S.D.N.Y., Mar. 27, 1996) (finding no § 1983 claim where the Plaintiff did not allege that Defendants violated any law distinct from Title VII).

To the extent that Worthington argues that she may assert a § 1983 claim for retaliation in violation of the Equal Protection Clause of the Fourteenth Amendment, she is incorrect. Retaliating

for complaining of gender discrimination is not an Equal Protection Clause violation. *See Bernheim v. Litt*, 79 F.3d 318, 323 (2d Cir. 1996) ("although claims of retaliation are commonly brought under the First Amendment, and may also be brought under Title VII . . . we know of no court that has recognized a claim under the Equal Protection Clause for retaliation following complaints of racial discrimination."); *Lange v. Town of Monroe*, 213 F. Supp. 2d 411, 419 (S.D.N.Y. 2002) (alleged retaliation in response to Plaintiff's sexual harassment complaints is not cognizable as an equal protection violation).

In an attempt to circumvent these legal principles, Worthington now alleges that, in fact, her complaint actually contains a claim for retaliation under the First Amendment. The court is cognizant that the general pleading requirements in Fed. R. Civ. P. 8 require the Plaintiff to provide a "short and plain statement of the claim." *See, e.g., Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993) (no heightened pleading standard in civil rights cases alleging municipal liability). However, even under the general pleading requirements, the court does not read Worthington's complaint to assert a cause of action for a violation of her First Amendment rights because Worthington's complaint was entirely personal in nature and not a matter of public concern. *See Nolan v. Epifanio*, 96 CV 256, 1998 WL 665131, * 5 (S.D.N.Y., Sept. 28, 1998).

The First Amendment only protects public employees' speech if the speech relates to matters of public concern. *Connick v. Myers*, 461 U.S. 138 (1983)("when an employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of a personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the

employee's behavior."). Therefore, retaliation against an employee of a public agency for speech on matters of public concern is actionable under the First Amendment unless the government has "adequate justification" for limiting the speech. *See Garcetti v. Ceballos,* 126 S.Ct. 1951, 1958 (2006). Retaliation for speech on matters of personal interest is never a First Amendment violation since the employer has "adequate justification" for limiting it.[1] *See Saulpaugh,* 4 F.3d at 143.

A review of the complaint reveals that Worthington never alleged she complained about a pattern or practice of retaliation or discrimination within the Suffolk Country Police Department. Rather, her complaints were merely about her treatment. *Id.* ("[h]ad Saulpaugh's complaints to her supervisors implicated system-wide discrimination, they would have unquestionably involved a matter of 'public concern.'"); *Pappas v. Giuliani*, 290 F.3d 143, 152 (2d Cir. 2002) (collecting cases demonstrating that complaints of racial discrimination by public employees were not matters of public concern for purposes of stating a First Amendment retaliation claim); *DeFilippo v. New York State Unified Court System*, 00 CV 2109, 2006 WL 842400, *15 (E.D.N.Y. Mar. 27, 2006); *but see McGrath v. Nassau Health Care Corp,* 217 F. Supp. 2d 319, 327-328 (E.D.N.Y. 2002) (holding that because the Plaintiff complained about her own treatment and the treatment of other female employees, her speech addressed matters of public concern).

---

[1] Alternatively, Worthington alleges that she has a viable Fourteenth Amendment Equal Protection claim because Suffolk County treated her differently from others similarly situated. However, in order to raise a "class of one" Equal Protection Claim, Worthington needed to plead that "that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech* , 528 U.S. 562, 564,(2000). None of these allegations are present in the complaint. In fact, for purposes of her § 1983 claim, Worthington is actually attempting to show the exact opposite: that the Suffok County Police Department has a policy and practice of retaliating against any officer who files a discrimination complaint.

The court finds that Worthington does not have a cause of action under § 1983 for alleged violations of her First or Fourteenth Amendment rights. Accordingly, the proposed testimony is not admissible to support the non-existent § 1983 cause of action.

*The Testimony is Permissible to Prove Plaintiff 's Title VII Retaliation Claim*

Judge Seybert has already determined that Worthington set fourth a *prima facia* case of retaliation for purposes of defeating Defendants' motion to dismiss, a finding what is now the law of the case. *See Worthington v. County of Suffolk, et al., supra*. However, Judge Seybert found genuine issues of fact regarding Defendants' "motivation" in taking certain actions. *Id.* Issues of motivation are addressed in the third prong of the *McDonnell Douglas* analysis. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973)

After a plaintiff makes a *prima facia* case of retaliation, the burden shifts to the defendants to show a legitimate non-retaliatory reason for the adverse employment action. *Raniola v. Bratton*, 243 F.3d 610, 625 (2d Cir. 2001). In this case, Judge Seybert found that the Defendants articulated a legitimate, non-discriminatory reason – namely Worthington's erratic behavior. At trial, Defendants are entitled to present evidence to the jury addressing the purportedly legitimate reasons for which Worthington was disciplined. *Worthington v. County of Suffolk, et al., supra.*

Once a legitimate reason has been proffered, the burden next shifts back to Worthington to establish, "through direct or circumstantial evidence, that the employer's action was, in fact, motivated by discriminatory retaliation." *Id. Raniola v. Bratton*, 243 F.3d at 625. Although Judge Seybert found that the Defendants may have had a legitimate reason for taking adverse actions that Worthington claims were retaliatory, Judge Seybert further found that "the evidence presented . . . does not, as a matter of law, establish the true motivation for the actions." *See Worthington v.*

*County of Suffolk, et al., supra*. To establish that the true motive for the adverse actions was retaliation (as opposed to the legitimate reason proffered by the Defendants), Worthington seeks to offer testimony of other employees who also were allegedly retaliated against after making complaints of discrimination.[2]

The proposed testimony is admissible to demonstrate that the Defendants' legitimate reasons for the adverse actions are actually a pretext for retaliation. *See McDonnell Douglas Corp. v. Green, supra* ("[o]ther evidence that may be relevant to any showing of pretext includes ... [the employer's] general policy and practice with respect to minority employment."); *Quaratino v. Tiffany & Co.,* 71 F.3d 58, 65 (2d Cir. 1995)(finding that discriminatory actions with respect to other women who took maternity leaves may be evidence of pretext); *Curtis v. Oklahoma City Pub. Schls Bd. of Educ.,* 147 F3d 1200, 1217 (10th Cir. 1998) (noting that "testimony of other employees may be relevant in assessing an employer's retaliatory intent if the testimony establishes a pattern of retaliatory behavior or tends to discredit the employer's assertion of legitimate motives"); *Becker v. ARCO Chem. Co.,* 207 F.3d 176 (3d Cir. 2000) ("evidence of a defendant's prior discriminatory treatment of a Plaintiff or other employees is relevant… to establish whether a defendant's employment action against an employee was motivated by invidious discrimination."); *Morris v. Washington Metro. Transit Auth.*, 702 F.2d 1037, 1046 (D.C. Cir. 1982) ("…evidence showing that the employer followed a broad practice of retaliation and responded to any protected criticism with disciplinary action has some

---

[2] In their June 14, 2006, letter reply to Worthington's Opp. ("Def. Reply"), Defendants contend that the elements of proof necessary to demonstrate a Title VII retaliation claim are different from those necessary to establish a Title VII discrimination claim. Defendants are incorrect. While the elements of the *prima facia* case for discrimination are different from the elements of a *prima facia* case of retaliation, the burden shifting analysis, and the evidence necessary to show pretext, are identical. *See Terry v. Ashcroft*, *supra.*

7

probative value on the issue of the employer's likely motivation here."); *see also Zubuluke v. UBS Warburg LLC, et al.,* 382 F. Supp. 2d 536 (S.D.N.Y 2005) (in a sex discrimination case, evidence concerning another female employee's treatment by defendant was relevant).

However, more than being admissible, the proposed testimony must also be relevant. In order for testimony of other acts of discrimination by the defendant to be relevant, Plaintiff must show the circumstances involving the other employees are such that their statements can "'logically or reasonably be tied to the decision to terminate [the Plaintiff].'" *Spulak v. K Mart Corp*, 894 F.2d 1050, 1156 (10th Cir. 1998). Testimony is logically or reasonably tied to the decision to terminate the Plaintiff if it deals with other acts of retaliation by the same individual alleged to have retailed against the Plaintiff. *See Rifkinson v. CBS, Inc.,* 94 CIV 7985, 1997 WL 634514, *3 (S.D.N.Y. Oct. 14, 1997); *Jones v. Washington Metropolitan Area Transit Authority,* 946 F. Supp. 1011, 1019 (D.D.C. 1996).

Worthington seeks to introduce the testimony of Felicia Collins, Jackie Fioribello, Donald Longo, George Smith, and John Weeks. Collins, Weeks, and Longo claim that defendant Phillip Robilotto retaliated against them for engaging in protected activity. Worthington Opp. At 11-14. Fioribello is expected to testify that defendant Peter Quinn retaliated against her, and that the Suffolk County Police Department currently is retaliating against her because she is a named witness in this case. *Id.* Smith claims to have personal knowledge of acts of "vindictiveness and harassment" by Quinn and Robilotto. *Id.*

Defendants, however, claim that the proposed testimony, for the most part, has nothing to do with retaliatory actions taken by the named Defendants. In as much as the parties appear to disagree as to what Collins, Weeks, Long, Fioribello, and Smith will testify about, it is not

appropriate for the court to exclude the testimony at this time. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group,* 937 F. Supp. 276, 283 (S.D.N.Y.1996) (delaying decision on a motion in limine until trial so that the motion is placed in the appropriate factual context).

Assuming that the testimony is being submitted to demonstrate other acts of retaliation in violation of Title VII by the named Defendants, it will be admissible. As such, the testimony of Collins, Weeks, Long, Fioribello, and Smith may be introduced to demonstrate that Defendants' legitimate reasons for the adverse employment action are actually a pretext for discrimination since other Suffolk County Police Department employees have also been retaliated against after complaining of discrimination.

Worthington also claims that the testimony is admissible to demonstrate that her complaints of discrimination were the cause of her termination. In general, "[p]roof of a causal connection can be established "directly through evidence of retaliatory animus directed against the Plaintiff," or "indirectly by showing that the protected activity was followed closely by the discriminatory treatment, ... or through other evidence such as disparate treatment of fellow employees who engaged in similar conduct." *Richardson v. N.Y. State Dep't of Corr. Servs.*, 180 F.3d 426, 447 (2d Cir. 1999). The proposed testimony does not appear to demonstrate causation. In fact, the proposed testimony demonstrates that other employees may have also been retaliated against when they complained of discrimination. As the Defendants point out in their March 30, 2006, Letter Motion ("Motion"), the proposed testimony demonstrates that other employees who complained were treated the same, not differently.

However, Worthington does not need the disputed testimony to demonstrate causation because causation can be demonstrated by the proximity between participation in the protected

activity and the adverse action. *St. Francis Hosp.*, 281 F. Supp.2d at 547 (*quoting Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001). Further, causation can be inferred from the fact that the Defendants who retaliated against Worthington knew of the complaints of discrimination– evidence which again does not require the disputed testimony. The court has already ruled that the testimony is admissible to demonstrate pretext, and the court will address whether the jury may consider the testimony for purposes of establishing causation (of the Defendants dispute causation) at a pre-charge conference.

In sum, the court finds that the proposed testimony is admissible because evidence of other acts of retaliation against similarly situated employees can be introduced to support Worthington's Title VII retaliation claim.

**Rule 404(b)**

Defendants contend that the proposed testimony is inadmissible under Fed. R. Evid. 404(b) because it is being used to show that the Defendants behavior conforms to past wrongs. Motion at 17. Under Fed R. Evid. 404(b), "evidence of other crimes, wrongs or acts is not admissible to prove the character of a person to show action in conformity therewith." *See* Fed. R. Evid. 404(b). The Second Circuit follows an "inclusionary" approach in which evidence of other acts is admissible unless (1) it is introduced for the sole purpose of showing the defendant's bad character, (2) it is not relevant under Fed. R. Evid. 402, or (3) it is overly prejudicial under Fed. R. Evid 403. 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 404.21(1)© (Joseph M. McLauughlin ed., 2d ed. 2006) (*citing United States v. Pascarella*, 84 F.3d 61, 69 (2d Cir. 1996)*; see also Salerno v. City University of New York,* 99 CV 11151, 2003 WL 22170609,*7 n. 12 (S.D.N.Y. Sept. 18, 2003) (holding that other instances of possible retaliation against employees

could be relevant and admissible under Fed.R.Evid. 404(b) for the purpose of demonstrating defendant's motivation). The testimony of Collins, Weeks, Long, Fioribello, and Smith is being introduced to show motive or intent to retaliate, and not to show the Defendants' bad character. Thus, under the Second Circuits inclusionary approach, Rule 404(b) does not apply.

**Rule 403**

Defendants allege that even if the testimony is being introduced for a proper purpose, it should be excluded pursuant to Fed. R. Evid. 403 because it is too attenuated to shed light on Plaintiff's allegations, creates undue prejudice, misleads the jury, confuses the issues, is more prejudicial than probative and will be time consuming to present. *See Coles v. Perry*, 217 F.R.D. 1, 10-11 (D.D.C. 2003). Plaintiff opposes the motion and contends that the evidence is recent and sheds light on Defendants practice of retaliating against employees who complain of discriminatory treatment. Under Fed. R. Evid 403, if evidence is relevant, the trial court may still properly exclude the evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. Fed. R. Evid. 403 "is an extraordinary remedy that must be used sparingly." *George v. Celotex Corp.*, 914 F.2d 26, 31 (2d Cir. 1990).

Evidence is unfairly prejudicial "'only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence.' " *United States v. Quattrone,* 441 F.3d 153, 186 (2d Cir. 2006). The court recognizes that testimony about other acts of retaliation by Defendants could be damaging and the court is cognizant of its potential to confuse the jury and waste time by creating mini-trials regarding each witness' claims

of retaliation. However, the court has found that the testimony is relevant. Accordingly, it should not be lightly excluded and appropriate instructions can be provided to the jury to minimize confusion or prejudice. *See Wechsler v. Hunt Health Systems, Ltd.,* 94 CIV 8294, 2003 WL 21998985, (S.D.N.Y. Aug. 22, 2003 ("[e]vidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds."). As such, any determination as to the exclusion of the testimony at issue under Rule 403 is best deferred to trial. 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 403.02(2)© (Joseph M. McLaughlin ed., 2d ed. 2006) ("[i]f there is a doubt about the existence of unfair prejudice, confusion of issues, misleading, undue delay, or waste of time, it is generally better practice to admit the evidence, taking necessary precautions by way of contemporaneous instructions to the jury").

*Amending the Joint Pre-Trial Order and Additional Discovery*

Defendants argue that if the testimony is permitted, they must be permitted to amend the pre-trial order to add over forty additional witnesses to rebut the allegations. A review of the docket indicates that a Proposed Joint Pre-Trial Order was submitted jointly by Plaintiff and defendant on December 9, 2005. On February 2, 2006, the court rejected the Proposed Joint Pre-Trial Order and directed that a Revised Joint Pre-Trial Order be filed by March 16, 2006, and also set a briefing schedule for the instant motion. The Revised Joint Pre-Trial Order was submitted on March 16, 2006, but was never adopted by the court. In light of this Memorandum and Order, the parties are directed to submit a Second Revised Joint Pre-Trial Order by August 24, 2007. While defendants are entitled to present evidence to rebut Plaintiff's witnesses' testimony, the court cautions defendants that their need to add "over forty witnesses" appears excessive and, in all likelihood, cumulative. Defendants shall exercise restraint, with a view toward judicial economy, in

determining who will testify at trial on their behalf.

**Conclusion**

For the reasons set forth above, Defendants' Motion In Limine is denied. The parties are ordered to submit a Second Revised Joint Pre-Trial Order that complies with the undersigned's Individual Rules and Practices by August 24, 2007.

SO ORDERED

DATED:   Brooklyn, New York
         July 20, 2007

                                                          /s/
                                                 DORA L. IRIZARRY
                                               United States District Judge